THE PEOPLE *ex rel.* William Eagle *vs.* JOHN KEYSER, Register of the city and county of New York.

Where a mortgage is made to two persons, describing them as " executors," but the money is made payable to them or their personal representatives, it is the duty of the register to receive and *record* a certificate of the payment of the mortgage, duly executed by the surviving executor, on actual payment of the money to him.

APPEAL from an order made at a special term denying an application for a mandamus, directing the register of the city and county of New York to record a certificate of the payment of a mortgage. The mortgage was payable to two persons, describing them as "executors," but the money to secure which it was given was made payable to them or *their personal representatives.* The certificate was signed and acknowledged by the survivor of the two executors, on the actual payment to him of the amount due upon the mortgage.

*By the Court,* CLERKE, J. We decided, at the general term in May, 1862, (*The People* v. *Miner,* 23 *How.* 223,) that in cases where a mortgage is made to executors as such,

The People *v.* Keyser.

and the money is made payable to them and *their survivors or successors, and not their personal representatives,* one of such executors may receive payment and satisfy the mortgage on the record, as well as all ; and that the register should, in such a case, file and enter the satisfaction. In the case before us the mortgage is made to the mortgagees, describing them as executors, indeed, but the money is made payable to their personal representatives. If this was an application to compel the register to *satisfy* the mortgage on record, we presume, in conformity with the decision in *The People* v. *Miner,* we should be constrained to deny it. But the case before us is a motion to compel the register to record a certificate of the payment of a mortgage; which certificate was signed and duly acknowledged by the survivor of two executors, on the actual payment to him of the amount secured by the mortgage. Now, whether the payment to the surviving executor was valid or not, and whether the representatives of the deceased executor have or have not any claim or right under this mortgage, no one can be injured by the recording of the certificate. Every one interested can judge of its effect for himself. The register, by recording it, incurs no responsibility. He can only consider, as in any other case of recording an instrument, whether it is duly acknowledged or proved, and whether such acknowledgment or proof is properly certified.

The order of the special term should be reversed, and the writ should be granted, without costs.

[NEW YORK GENERAL TERM, May 4, 1863. *Sutherland, Barnard* and *Clerke,* Justices.]